## APPEAL OF B. Y. HEFFNER, ET AL.
## [ESTATE OF HENRY HEFFNER, DECEASED.]

### APPEAL FROM THE DECREE OF THE ORPHANS' COURT OF BERKS COUNTY.

Argued March 1, 1888—Decided April 2, 1888.

In a proceeding for the sale of real estate under the act of April 18, 1853, P. L. 503, it appeared that the land was held under a will prohibiting a sale thereof for a certain period. The petition did not show the interest of the petitioner or a description of the land.

*Held*, that grounds sufficient to confer jurisdiction were not set forth in the petition, and, in the absence of the will as a part thereof, it could not be said that a sale of the land could be made "without injury or prejudice to any trust, charity, or purpose for which the same may be held."

Before GORDON, C. J., PAXSON, STERRETT, GREEN and CLARK, JJ.; TRUNKEY and WILLIAMS, JJ., absent.

No. 334 January Term 1888, Sup. Ct.

On January 5, 1885, in the court below, the following petition was presented, verified by the affidavit of the petitioner:

The petition of Martin Heffner respectfully represents: That he is a son and devisee and heir of Henry Heffner, late of Richmond township, Berks county, Pennsylvania, deceased. That said Martin Heffner is interested therefore in the estate of decedent. That said decedent died testate, his last will and testament having been duly proven in the register's office, July 7, 1883, the decedent having died June 21, 1883, at 8 o'clock A. M. In his last will is contained inter alia, the following: "I do further order that my real estate, situate partly in Rockland township and partly in Richmond township, bounded by lands of Jane Hottenstein, David Kemp and James Schlegel, containing twenty-four acres more or less, shall remain in the hands of my executor until the youngest child has attained the age of twenty-one years, then it shall be sold by my executor for the best price that can be gotten for the same. And I do hereby authorize and empower my executor

or survivor of him to sign, seal, execute and acknowledge all such deed or deeds of conveyance as may be requisite and necessary for the granting and assuring the above devised premises unto my said sons, also to the purchaser or purchasers of the last named premises in fee simple."

Said decedent left surviving him a widow, Emma Heffner, who declined to take under the will, and the following children: Sarah, wife of Daniel Angstadt, Benjamin Heffner, Martin Heffner, Henry Heffner, Elizabeth, wife of Jared Hoch, David Heffner, Thama, wife of ———— Bloch, Salome, wife of Owen, of whom Jonathan Biehl is guardian, John Heffner, of whom Franklin Breidegam is guardian, Kate Heffner, of whom Franklin Breidegam is guardian.

The said Salome is under age; said John Heffner is about 17 years of age, and said Kate Heffner is about 8 years of age.

That inasmuch as by the terms of the will the time for sale is postponed till the youngest child becomes of age, there is great danger that the property may depreciate in value, become out of repair, and decrease in productiveness; that if sold and the sum put upon interest it will yield more to those interested, because the farm, which consists of both woodland and cleared land, will not pay as well farmed as the money put upon interest would. It would certainly be to the advantage of all the parties in interest to have it sold. That your petitioner believes that the parties in interest desire it to be sold. Your petitioner, therefore, asks your honorable court to award an order of sale in accordance with the act of assembly in such case made and provided. And he will ever pray, etc.

MARTIN HEFFNER.

The widow and certain of the other children and heirs of Henry Heffner, deceased, joined in the foregoing petition and prayed that the land therein described be ordered to be sold. Subsequently, a rule to show cause having been served, Benjamin Y. Heffner filed this answer:

Benjamin Heffner, a son and legatee named in the last will and testament of Henry Heffner, deceased, in answer to the above mentioned citation, says: That he has no desire to interfere with directions contained in the last will and testament of his father, Henry Heffner, deceased; that the tract of land,

for the sale of which an order of the court is prayed for, is iron ore land and that iron ore was heretofore taken from said premises in considerable quantity, and that Henry Heffner, the testator, directed in his will that said tract of twenty-four acres of land should not be sold until the youngest of his children arrived at the age of twenty-one years, because it was his wish and will that the same might remain as part of his estate for that length of time, as he believed that in the time intervening further examinations and explorations for the discovery of iron ore might be made, and in case of finding a body of ore, believed to be on said premises, that the benefit thereof might accrue to his estate.    That said tract of land at this time brings a reasonable annual rental.    For these reasons the said Benjamin Heffner has declined to append his name to the petition praying for an order of sale for said property.

BENJAMIN Y. HEFFNER.

Afterward, David H. Heffner and Emma Heffner, widow, who had joined in the prayer of the petition filed by Martin Heffner, on application were permitted to withdraw from the petition presented and to object to granting of the order.

Testimony was taken and filed, and after argument, the court, SCHWARTZ, P. J., filed the following opinion :

The real estate asked to be sold is a messuage, tenement and tract of land, situate partly in Rockland and partly in Richmond townships, said county, adjoining lands of Jane Hottenstein, David Kemp and James Schlegel and containing twenty-four acres.    The testator directed Benjamin Rhoad, his executor, to sell said premises after his youngest child, at his death seven years of age, should have attained her majority.

The testimony relating to the propriety of selling this property shows, that the same is a small farm ; that its buildings and fences are not in good state of repair; that it requires considerable outlay of money and labor to restore them ; that the same might be sold for about sixteen hundred dollars, and that it was rented for seventy dollars a year at the time this application for citation was awarded.    A number of intelligent witnesses, well acquainted with the premises and the section of country in which the same is located, testified at the hearing of this cause that it would be to the advantage and benefit

of the heirs if the same were sold now. The court, upon due consideration, and in accordance with the views of said witnesses, make the above mentioned citation absolute.

In view of the foregoing, Benjamin Rhoad, executor, as aforesaid, is ordered and directed to make application to me for an order of sale to sell the said premises.

Thereupon Benjamin Y. Heffner and Franklin Breidegam, guardian of John and Kate Heffner, took this appeal, assigning the said order as error, for the reasons that it did not appear:

1. That Martin Heffner or those joining with him had any interest in the land or the proceeds thereof, or who the parties interested were.

2. Or, that the said lands were acquired by descent or last will.

3. Or, that the court found it for the interest and advantage of those interested in the lands that they should be sold.

*Mr. H. Willis Bland* (with him *Mr. E. H. Shearer*), for the appellants:

The petition in the proceeding, instituted under the act of April 18, 1853, P. L. 503, does not set forth the facts needful for the information of the court and is fatally defective: Johnson's App., 114 Pa. 142.

*Mr. C. H. Ruhl* (with him *Mr. Daniel Ermentrout*), for the appellee:

The will of the decedent was before the court, was referred to in the petition, and the interest of the petitioner therein was manifest. In Johnson's App., 114 Pa. 132, neither the petition nor the decree authorizing the sale showed how the minor's title had been acquired, whether by descent, last will, or otherwise. The petition in this case sets forth the title to the property and how acquired, quoting in extenso the clause of the will referring thereto.

OPINION, MR. JUSTICE PAXSON:

In Johnson's Appeal, 114 Pa. 142, we said: "We desire to say also, in order to avoid misapprehension in the future, that it is at least doubtful whether the petition filed in this case upon

which the sale was had, sets out sufficient facts to give the court jurisdiction. It is admitted that the petition was filed under the act of 1853. Indeed I do not know of any other act which gives the Orphans' Court the power to order a private sale of the real estate of a minor. Said act provides: ' In all cases when real estate shall have been acquired by descent or last will, the Orphans' Court, and in all other cases the Court of Common Pleas, of the respective counties of this commonwealth, shall have jurisdiction to decree the sale of . . . . such real estate.' The petition in this case is of the most informal character, and does not set out any explanation of the title, nor is there even an averment that the title of the minors was derived by descent or last will, which is absolutely essential to give the court jurisdiction. Such a loose way of dealing in matters affecting the title to real estate is not to be commended, and may lead to serious trouble hereafter. "

Johnson's Appeal was decided upon other grounds, and the language quoted was not essential to the decree in that case. It was intended merely as a note of warning to the profession, and the case in hand shows how badly it was needed.

This was an appeal from the decree of the Orphans' Court ordering the sale of certain real estate. It was conceded that the proceeding was under the act of April 18, 1853, commonly called the Price Act. The petition does not set forth that the petitioner has any interest in the property which he asks to have sold. It is true it contains one short extract from the will of Henry Heffner, and alleges that he is a son and devisee of the said testator, but for aught that appears the land in question may have been devised to some one else. Nor is there any description of the land to be sold, and we can only gather inferentially from the petition that it ever belonged to the testator. In a separate paper, filed by some of the heirs concurring in the application, there is a brief description of the property and it is alleged to be the estate of the testator, but this will not cure the entire absence of any averment of interest on the part of the petitioner. It also appears that some of the parties have withdrawn their consent and protest against the sale.

While a decree under the act of 1853 possesses great curative powers in a case in which the court had jurisdiction, there should be sufficient facts set forth in the petition to confer such

jurisdiction. To proceed in this loose way is to peril the title to real estate, and we cannot sanction a practice so entirely informal.

I have before said that no copy of the will of Henry Heffner is attached to the petition and made a part thereof, as is always the case where such proceedings are conducted with any kind of regularity. We learn, however, from the answer of Benjamin Heffner, a son and legatee named in the will, " that the tract of land for the sale of which an order of the court is prayed for, is iron ore land and that iron ore was heretofore taken from the said premises in considerable quantity, and that Henry Heffner, the testator, directed in his will that said tract of twenty-four acres of land should not be sold until the youngest of his children arrived at the age of twenty-one years, because it was his wish and will that the same might remain as part of his estate for that length of time, as he believed that in the time intervening, further examinations and explorations for the discovery of iron ore might be made, and in case of finding a body of ore believed to be on said premises, that the benefit thereof might accrue to his estate. That said tract of land at this time brings a reasonable annual rental. "

It is manifest, from the scraps of this will before us, that the testator positively directed that this real estate should not be sold until his youngest child should arrive at the age of twenty-one years. In the meantime it is to remain in the hands of his executors. His prohibition of a sale at an earlier period was obviously for a purpose. In the absence of the will itself, we cannot say that a sale can be now made " without injury or prejudice to any trust, charity, or purpose for which the same shall be held. "

We are of opinion that the order of sale was improvidently granted.

> The decree is reversed ; the order of sale is set aside, and the petition dismissed at the costs of the petitioner.