## ESTATE OF JOHN CLARK, DECEASED.

APPEAL BY T. N. CLARK FROM THE ORPHANS' COURT OF LY-
COMING COUNTY.

Argued March 20, 1890—Decided April 7, 1890.

(*a*) The will of a decedent, whose estate consisted chiefly of realty, gave
to his executors power in their discretion to sell any or all the real es-
tate, and directed that the share of a certain son in the residuum of the
estate should be paid over to a trustee to be appointed by the Orphans'
Court.

(*b*) The trustee so appointed was to hold the said share in trust, and
under the direction of the Orphans' Court to pay over the proceeds
thereof for the sole benefit of the son and his family, free from his
debts, and upon his reformation after he had reached a certain age, or
upon his death, to distribute the principal.

1. In such case, an inquest of partition would not be awarded upon the
petition of said son, filed within two months after the testator's death,
before any trustee had been appointed by the Orphans' Court, and be-
fore the executors had had time to take the necessary steps to adminis-
ter the estate.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 339 January Term 1890, Sup. Ct.; court below, number
and term not given.

On September 3, 1889, upon the petition of Thomas N. Clark,
a son and devisee of John Clark, deceased, a writ of partition
of the real estate of said deceased was awarded.   On October
16, 1889, before the inquest was held, John F. Clark and Annie
M. Shaffer, also devisees and the executors of the will of de-
ceased, presented a petition whereon a rule was granted upon
said Thomas N. Clark to show cause why his petition upon
which the writ was awarded should not be dismissed, proceed-
ings to stay in the meantime.

The will of the decedent provided as follows:

"4. The share and interest in my estate hereinbefore devised
and bequeathed to my son Thomas N. Clark, I direct to be
conveyed, paid and delivered to a trustee to be appointed by

the Orphans' Court of Clearfield county, Pennsylvania, who shall hold and invest said share and pay over or use the proceeds of the same, or so much of the principal thereof as the said Orphans' Court may direct, for the sole benefit of my son Thomas N. Clark and his family, free of all debts which my said son Thomas has or may hereafter contract. If the said Orphans' Court shall become satisfied, after my said son Thomas shall arrive at the age of forty-five years, that he has reformed his habits and has become a sober man, then I request said court at their discretion to order and direct the said trustee to convey, assign and deliver to my said son Thomas all the property of the said Thomas then in his hands. In case this trust shall continue during the life of my son Thomas, then I order and direct, upon his death, that the said trustee shall convey, assign and deliver to his widow and children then living all of said trust property."

On February 1, 1890, the matter having been heard, the court, METZGER, P. J., filed the following opinion:

John Clark died on July 23, 1889, having first made his last will and testament, which was probated before the register of Lycoming county on the first day of August, 1889. John F. Clark and Annie M. Shaffer, two of the children and devisees, were appointed executors of said will, with power and authority at their discretion to sell any or all the real estate of the testator at public or private sale. Under said will certain specific legacies are to be paid to the children of Michael S. Clark, deceased, and the share of Thomas N. Clark, one of the children of said testator, is to be conveyed and delivered to a trustee to be appointed by the Orphans' Court of Clearfield county, Pennsylvania, who shall hold and invest said share and pay over or use the proceeds of the same, or so much of the principal thereof as the said Orphans' Court may direct, for the sole benefit of said Thomas N. Clark and his family, free of all debts which said Thomas has or may hereafter contract.

The estate consists principally of real estate, situate in different counties of this commonwealth. The indebtedness of the estate is considerable, while the personal property is of small value. Over $8,000 of the indebtedness will have to be paid out of the proceeds of the real estate, but the executors,

Opinion of Court below.

who are desirous of making an application to sell the unseated lands in Clearfield and Cambria counties for the payment of the debts of testator, cannot conveniently do so until the litigation upon a certain judgment shall have been determined.

On September 3, 1889, a little more than a month after the death of the testator, Thomas N. Clark, whose share as above stated was to be conveyed and delivered to a trustee, to be appointed by the Orphans' Court of Clearfield county, made an application to the Orphans' Court of Lycoming county for a writ of partition to divide the real estate of said testator. The writ was awarded by said court, without any notice to the devisees or executors mentioned in said last will and testament. No trustee had, at the time of said application, been appointed for said Thomas N. Clark, nor has any such trustee been since appointed.

On October 16, 1889, John F. Clark and Annie M. Shaffer, two of the children and the executors appointed by said testator, presented a petition to the Orphans' Court of Lycoming county, setting forth the facts above stated and asking that the petition of said Thomas N. Clark for inquest to make partition, and the proceedings thereon, be dismissed. The petition of the executors also denies that any notice of inquisition was ever given to the petitioners. No answer has been filed by said Thomas N. Clark, denying any of the facts alleged in the petition of the executors, and there seems to be no dispute as to any of the facts therein alleged. The question, therefore, to be determined is, whether the facts, as stated in the petition of the executors, are sufficient to justify us in dismissing the partition proceedings.

If these proceedings are permitted, it seems to us that the manifest intention of the testator would be defeated. It is the plain intention of the testator that Thomas N. Clark was to have no control whatever over his share of the estate. It is to be conveyed and delivered to a trustee to be appointed by the Orphans' Court, and then the trustee is to act under the direction of said Orphans' Court of Clearfield county in paying said Clark any part of the principal. Besides this, no time has been given the executors to take the necessary steps to administer the estate and adjust and liquidate the indebtedness. The proceedings, if continued, will burden the estate with un-

necessary expense, and cannot result in any benefit to the devisees and parties interested. We, therefore, make the following order:

And now, to wit, February 1, 1890, the petition for inquest to make partition in the estate of John Clark, deceased, heretofore presented to the court, is dismissed, and all proceedings thereon are set aside, at the costs of Thomas N. Clark, the petitioner.

—Thereupon Thomas N. Clark took this appeal assigning the order dismissing his petition for error.

*Mr. T. B. M. Hicks,* for the appellant.

That partition might be had before the payment of debts, counsel cited: Section 42, act of February 24, 1834, P. L. 81; section 49, act of March 29, 1832, P. L. 206; section 45, act of February 24, 1834, P. L. 82; Commonwealth v. Pool, 6 W. 32; Snyder's App., 36 Pa. 166; Fromberger v. Greiner, 5 Wh. 350; Dresher v. Water Co., 52 Pa. 225; Cote's App., 79 Pa. 235. That the will did not work a conversion: Bleight v. Bank, 10 Pa. 131; Stoner v. Zimmerman, 21 Pa. 394; Anewalt's App., 42 Pa. 414; Page's Est., 75 Pa. 87; Chew v. Nicklin, 45 Pa. 84; Edwards's App., 47 Pa. 144; Perot's App., 102 Pa. 235; Barclay v. Kerr, 110 Pa. 130. That the petitioner had an equitable estate at least, which would support partition: Sheets' Est., 52 Pa. 257; Heck v. Clippenger, 5 Pa. 385; White v. Williamson, 2 Gr. 249; Coursey v. Davis, 46 Pa. 25; Haskins v. Tate, 25 Pa. 249; Snyder's App., 36 Pa. 166; Willing v. Brown, 7 S. & R. 467; Longwell v. Bentley, 23 Pa. 99; Hayes's App., 123 Pa. 110.

*Mr. R. P. Allen* and *Mr. J. G. Reading,* for the appellees, were not heard.

PER CURIAM:

The opinion of the learned judge of the Orphans' Court covers the ground fully in this case. We affirm his decree for the reasons which he has given.

> Decree affirmed, and the appeal dismissed, at the costs of the appellant.