## Breidigan's Estate.

WILHELM, P. J., Dec. 10, 1928.—This is the petition of Sallie J. Krause, who alleges that she is a daughter of Benjamin Breidigan, late of Washington Township, who died Sept. 19, 1928, praying the court to award a citation directed to the widow and heirs of Benjamin Breidigan to show cause why an inquest to make partition of the lands described in the petition to and among the parties interested should not be made.

This petition is defective, in that it does not show how the interest of the petitioner arises. A petition for partition should aver that the petitioner has an interest in the real estate which is asked to be partitioned, whether under the intestate laws or by will. A short extract of the will and an averment that the petitioner is a son is not sufficient to give the Orphans' Court jurisdiction: Heffner's Appeal, 119 Pa. 462.

Benjamin Breidigan died on Sept. 19, 1928, and this petition was filed Oct. 22, 1928, and the administrator has not had time to take the necessary steps to administer the estate: Clark's Estate, 134 Pa. 140.

It is said in Keim's Estate, 201 Pa. 609: "In the first place, the petition is prematurely filed, as only five months have elapsed since the death of the testatrix. The executors are entitled to at least one year in which to settle the estate (Act of Feb. 24, 1834, P. L. 70) and creditors are entitled to the same time in which to present their claims: Gallen's Estate, 26 W. N. C. 308. Besides, under the Act of June 8, 1893, P. L. 392, the debts of the testatrix are a lien upon her real estate for two years. How, therefore, is it practicable to divide the real estate until it is ascertained whether the debts are all paid and it is clear of the lien thereof? As there is a mortgage of $57,500 on this land, perhaps, when the other debts are paid, there may be nothing left for partition. Be this as it may, the executors are entitled to at least one year to ascertain the facts, administer the estate and liquidate and settle the indebtedness of the testatrix, before a forced settlement of the estate can be compelled by partition proceedings."

For the reason that this petition is not in proper form and has been prematurely filed, within a little more than a month after the death of Benjamin Breidigan, the petition should be dismissed.

The petition is, therefore, dismissed. From M. M. Burke, Shenandoah, Pa.