## Kowala's Estate

*W. W. Stephens,* for petitioner; *Kelly & Kelly,* for respondent.

SMITH, P. J., May 7, 1934.—On petition of William Kowala, a son and heir of Julius Kowala, deceased, filed April 12, 1934, a citation was directed to show cause why an inquest in partition of real estate should not be awarded, returnable May 7, 1934.

The petition names as respondent the widow of said decedent, Katarzyna Kowala, and eight surviving children as all the parties interested in the lands sought to be partitioned, and avers that the decedent died intestate.

The lands sought to be partitioned, described in the petition, consist of two parcels located in Lenox Township, this county, one of 70 acres, more or less, and the other of 45 acres, more or less.

Originally, title to said real estate was held by the decedent and Minnie Kowala, his then wife, by deed to them jointly, which we decide vested in them by entireties, with right of survivorship, and so continued until the decease of the wife Minnie, when the entire title in fee became vested in the surviving husband, Julius Kowala, who conveyed to one Katarzyna Shantz an undivided one-half interest in said real estate, creating the two tenants in common thereof. With the title so existing, the said Julius Kowala and Katarzyna became husband and wife. Later, without any change in the title to said premises, the said Julius Kowala died intestate, leaving to survive him his widow, Katarzyna, and the eight surviving children, as we have recited, by his first wife, Minnie.

At his decease, Julius Kowala was the owner in fee of an undivided one-half interest in the land which is the subject of these proceedings; leaving to sur-

vive him his said widow, in whom existed title to an undivided one-half interest, in her own right, in said lands, and her widow's interest in the remaining undivided half thereof of which her husband Julius Kowala died seized, subject to which the same vested in equal interests or shares in his eight surviving children, of three of whom, being minors, Elbert L. Davies, a member of the local bar, is the guardian ad litem. And the parties so designated, the petition states, are all the parties in interest, and no partition or valuation of said real estate has been had, and further the entire title to said lands is subject to a balance of purchase money mortgage lien of approximately $1,000, in which the said Julius Kowala and his then wife Minnie are the mortgagors, and Almina Penworth, their grantor, is mortgagee, recorded in mortgage book no. 45, at page 189, in the recorder's office of Susquehanna County, Pa. Because of such encumbrance upon the entire title, the administrator of the said Julius Kowala estate is unable to sell the undivided one-half interest of his intestate. The petition concludes with a prayer for the present citation for inquest in partition to include the entire title thereto, including of course therein both the undivided one-half interest of the surviving widow, Katarzyna Kowala, and the other undivided interest of the decedent, Julius Kowala.

We should further note that the petitioner, who appears to be the administrator of the Julius Kowala estate as well as his child and heir, states the nonexistence of any personal estate to pay the estate debts, and that the date of his father's decease was September 9, 1933.

### Discussion

At the return of the rule, the learned attorney, E. L. Davies, Esq., as guardian ad litem for the minor heirs, interposed two objections to the procedure, viz.:

1. That it is prematurely instituted, being within 1 year of the death of the intestate, Julius Kowala.

2. That the orphans' court has no jurisdiction to award partition between the surviving tenant in common, Katarzyna Kowala, and the heirs of her deceased cotenant, Julius Kowala.

These objections were presented orally, and while it might, as suggested by Wilson, P. J., in Yeany v. Sheedy et al., 11 Dist. R. 747, 748, have been in conformity to better practice to have filed a demurrer or affidavit of defense, nevertheless it is proper we should dispose of the question, though thus informally raised.

As to the first objection, there is, as stated in Reifsnyder's Estate, 214 Pa. 637, no statutory provision pro or contra to such an early application for partition. The court, speaking negatively, illustrates what might be considered certain conditions which should delay proceedings until after 1 year. In Clark's Estate, 134 Pa. 140, and Keim's Estate, 201 Pa. 609, the Supreme Court appears to support that determination, although suggesting that it is largely a matter of discretion to be exercised by the court to which the application is made. Noteworthy in the courts below as sustaining such objection as we are noting, we cite, without repeating their reasoning, which, however, we are inclined to follow here: Breen's Estate, 11 Dist. R. 745; Yeany v. Sheedy et al., 11 Dist. R. 747; Young's Estate, No. 2, 28 Dist. R. 816; Breidigan's Estate, 11 D. & C. 464.

The second objection, however, is the more important, and we are compelled to sustain it.

In Snyder's Appeal, 36 Pa. 166, a proceedings in partition in the Orphans'

Court of Philadelphia, it was declared that the orphans' court, though a court of equity, is of limited power and has no jurisdiction except that conferred by statute, and the court went so far as to deny its jurisdiction to decree partition in one proceeding of two estates, which were held in common by the same persons as heirs of two different persons. And jurisdiction in such cases was subsequently afforded by the Act of February 26, 1869, P. L. 4, 20 PS §1544, under which, however, all parties must still possess a vested common ownership in the undivided interests in each parcel: Estate of Gulielma Sanders, 16 Montg. 190.

The first jurisdiction afforded to the orphans' court in partition of undivided interests in real estate was by the Act of March 13. 1847, P. L. 319, extending such jurisdiction "to any undivided interest, in fee simple, in any lands or tenements of which any person has died or shall hereafter die seized or possessed, as tenant in common or joint owner, with any other person or persons, as fully as if such decedent were solely seized or possessed thereof at the time of his or her death; and the inquest . . . shall value and return such interest, undivided in all cases; and . . . such interest shall be valued and returned, either by itself or in connection with some other portion of such decedent's real estate", etc.

We concur with Bell, P. J., in Wilhelm's Estate, 18 Pa. C. C. 637, in his interpretation and construction of this Act of 1847; that it does not authorize partition between a surviving tenant in common and the heirs of his deceased tenant in common; and, as stated by Hughes, P. J., in Stockdale's Estate, 29 Dist. R. 1013, 1018, it applies only to "fractional and undivided shares of the decedent in lands and tenements of which he died seised, but not conferring power on the Orphans' Court to partition the lands between the heirs of the deceased, and the other co-tenants."

This Act of 1847 was expressly repealed by the repealing section of the new Orphans' Court Partition Act of June 7, 1917, P. L. 337, but its provisions appear to be reënacted in the first section of the latter act: Gilpin v. Brown et al., 268 Pa. 398. The Orphans' Court Partition Act is subject to the interpretation and application as to inclusion or exclusion from its subject matter of "undivided" interests in real estate of tenants in common or joint owners, for the purposes of partition in the orphans' court, of the earlier act, as recited ante in Wilhelm's Estate and Stockdale's Estate. Those cases direct us to the conclusion that this orphans' court is without jurisdiction to entertain the present proceeding, in which a surviving cotenant and her undivided one-half interest in the lands, of the other undivided one-half interest of which the decedent died seized, are, respectively joined as a party and included in the subject matter sought to be partitioned.

The parties in the case at bar are referred to "the true construction" of the statute and suggestions by the court in Wilhelm's Estate, 18 Pa. C. C. 637, 639, as to proper proceedings, the parties thereto, and the court of legal jurisdiction.

And now to wit, May 7, 1934, the order for inquest is refused and the proceedings quashed, the costs to be paid by the estate of Julius Kowala, deceased.

From Gerritt E. Gardner, Montrose, Pa.