## Hemmig Estate

*Russell L. Hiller*, for petitioner.

*Luther C. Schmehl* and *Robert G. Bushong*, for exceptants.

Marx, P. J., January 6, 1951.—Emma M. Barth seeks partition of the real estate of her late mother, Elizabeth Hemmig. In her petition she sets forth, inter alia, that Elizabeth Hemmig died intestate on November 5, 1944, a widow, survived by the following children: Minnie I. Schmehl, Rosie Seidel, Thomas Hemmig, Freeman Hemmig, Cecelia Miller, Emma M. Barth, Charles Irvin Hemmig, Robert W. Hemmig, Bert Hemmig and Milton L. Hemmig.

Of the above-named children, Bert Hemmig died on June 23, 1945, survived by one child, Kenneth F. Hemmig.

The decedent was also survived by the following grandchildren, the issue of predeceased children: Children of William Hemmig, deceased: Madeline Moll and Jessie Wise; child of Sallie Weaver, deceased: Helen Reddy; children of Bessie Reinard: Florence Rebert, Mabel Miller, Dorothy Keifer, Evelyn Mengel, Pansy McDonough, Harvey A. Reinard and Marvin Reinard.

The aforesaid heirs of decedent are all the parties interested in the real estate of decedent and are all of full age and sui juris.

Petitioner represents that decedent, at the time of her death, was the owner in fee of a one-half, undivided interest, her son, Robert W. Hemmig, being the owner of the other undivided one-half interest, in a certain two-story brick semi-detached dwelling, No. 1610 North Ninth Street, with the lot or piece of ground upon which the same is erected, situated on the west side of North Ninth Street, between Union and Exeter Streets, in the City of Reading, Berks County, and Commonwealth of Pennsylvania (bounded and described at large in the petition):

That this undivided one-half interest comprises all the real estate of which Elizabeth Hemmig died seized and possessed: that no letters of administration upon

her estate ever issued and that no partition or valuation of this real estate has ever been had or undertaken.

The petition having been presented, the court, on September 13, 1950, cited all parties in interest, to show cause why an inquest in partition should not be awarded as prayed. The citation and petition having been served upon the parties in interest, no answers thereto having been filed, on the return day thereof, the court awarded an inquest, returnable November 18, 1950.

On November 2, 1950, an answer to the petition was filed, by leave of court, in behalf of Minnie I. Schmehl, a respondent. Respondent admitted the averments in paragraphs 1, 2, 4, 5 and 6 of the petition; admitted the averment contained in paragraph 3, with the suggestion that to those averments should be added the averment that Emma M. Barth, petitioner, purchased the interest of the coöwner Robert W. Hemmig, as evidenced by deed dated August 2, 1950, recorded in Deed Book 1071, page 352, Berks County records.

Respondent admitted the averments in the seventh paragraph of the petition, that no partition or valuation of the real estate had been had, and added that "no objection is raised by the respondent to the award of an inquest".

Respondent further answered as follows:

"8. However, it is averred that under the provisions of the Partition Act of 1917 as amended, special provision is made for handling a proceeding in Partition where the decedent owns an undivided interest in common with another.

"9. And, it is further averred that in such case the undivided interest of decedent is valued and returned, undivided, and the entire property is put up for sale; not merely the decedent's undivided interest.

"10. Again, it is averred that in view of the special provisions in said Act of Assembly covering a case such

as the one at bar, it was error to award An Inquest in Partition 'with respect to the undivided interest—etc. —,' but the Inquest should have been directed toward the entire property.

"11. It is further averred that an interpretation of the Act of Assembly as suggested by Petitioner would lead to hardship, additional expense and the probable necessity for a further proceeding in Partition in the Common Pleas Court."

Respondent prayed that the court "make such further order and decree as will conform with the above interpretation of the said Act of Assembly".

Respondent, by her additional petition, on November 2, 1950, prayed leave to file her answer nunc pro tunc and asked a stay of proceedings pending determination of the questions of law raised therein. The prayer of her petition was granted.

Respondent Minnie I. Schmehl on November 28, 1950, filed exceptions: (a) To the order of court of November 6, 1950, dissolving the stay granted on November 2, 1950, and (b) to the confirmation of the sheriff's return dated November 18, 1950, to the inquest in partition. (The sheriff's return has not been confirmed.)

The matter was argued on December 8, 1950.

Jurisdiction in the partition of real estate of decedents was first conferred upon the orphans' court by the Act of March 29, 1832, P. L. 190. Section 36 of that statute confers jurisdiction upon the orphans' court of the county where the real estate of decedent is situated, and limits that jurisdiction to the partition of a single estate.

"It was not the fact that the tenure was joint, nor was it the age or right of the persons upon whom the law cast the inheritance, that was made to give the court jurisdiction; but it was the fact, that there was land of an intestate of which he had died seised, and which in consequence was in charge of the court for

allotment under the intestate laws. The act looked only to the title of the decedent. It was because it was land of a decedent, not because it was land of heirs, that the court was empowered to make partition. The whole act contemplates the division, in one proceeding, of but a single estate": Strong, J., in Snyder's Appeal, 36 Pa. 166, 168.

By the Act of March 13, 1847, P. L. 319, the jurisdiction of the orphans' court in the partition and valuation of real estate, was extended "to any undivided interest, in fee simple, in the lands or tenements of which any person has died or shall hereafter die seized or possessed, as tenant in common or joint owner, with any other person or persons, as fully as if such decedent were solely seized or possessed thereof at the time of his or her death"; it was provided that "the inquest or seven men appointed to value and divide such decedent's real estate, shall value and return such interest, undivided in all cases; and if such decedent had other real estate, such interest shall be valued and returned, either by itself or in connection with some other portion of such decedent's real estate, valued as one of the purparts or shares into which they shall divide the whole real estate; . . .".

The Act of 1847 was expressly repealed by the repealing section of the Orphans' Court Partition Act of June 7, 1917, P. L. 337, but its provisions were reenacted in the first section of the latter act: Gilpin v. Brown et al., 268 Pa. 398. Section 10 of the reënacting statute again provides that the inquest return an undivided interest "undivided, in all cases; and if such decedent had other real estate, such interest shall be valued and returned, either by itself or in connection with some other portion of such decedent's real estate, as one of the purparts or shares into which they shall divide the whole real estate; and, upon the return thereof, the proceedings shall be as in other cases."

In Kowala's Estate, 21 D. & C. 77, objection was made to the rule of partition upon a surviving tenant in common and the heirs of the deceased cotenant. The Orphans' Court of Susquehanna County (Smith, P. J.) adopted the conclusion that the orphans' court is without jurisdiction to entertain a proceeding in which a surviving cotenant and her undivided one-half interest in the lands, of the other undivided one-half interest of which decedent died seized are, respectively, joined as a party and included in the subject matter sought to be partitioned. The court was in accord with the decision in Wilhelm's Estate, 18 Pa. C. C., 637, 639, where the court of Blair County (Bell, P. J.) said, inter alia (page 638):

"Doubtless it does enable the Wilhelm heirs to have partition, but of what? Not of the entire land, including the share of Martin Hoelle, but only of the one undivided half interest whereof their ancestor died seized. This is shown by the designation of the premises to be embraced in the partition, not as the land in question, but as *the undivided interest*. Furthermore, if it was intended that the land, as an entirety, should be the subject of the inquest, why direct that such inquest could only 'return such interest *undivided*'? Why not give the surviving co-tenant of the ancestor . . . an opportunity to elect to take his moiety as a separate purpart? . . .

"The true construction of said act would seem to be that it enables the Wilhelm heirs to have partition of their moiety of the land, independent of, and irrespective of, Martin Hoelle. Then the heir taking such moiety, or the purchaser thereof at trustee's sale, can commence partition proceeding at common law or in equity to compel Mr. Hoelle to divide."

We adopt the foregoing conclusions.

Jurisdiction of the orphans' court was further extended by the Act of June 24, 1939, P. L. 707; 20 PS

§1181, which provides, inter alia: "or the interests of the heirs of a deceased co-tenant and of the surviving co-tenant" may be parted or valued in one proceeding in said court. The amending statute did not amend or revoke the provisions of the Act of 1917 permitting partition and valuation of the undivided interest of a deceased cotenant. The undivided interest is still the property of the intestate and partition or valuation thereof is still the right of those entitled under intestate law. Petitioner has chosen her course and we are without authority to direct otherwise. The objections and exceptions are dismissed.