## Provance et ux. v. Provance et ux.

Before Carr, P. J., Morrow and Cottom, JJ.

*J. R. Smiley*, for plaintiffs.

*E. D. Brown*, for defendants.

MORROW, J., July 26, 1952.—This action of eject-ment is now before us on a motion for judgment for plaintiffs on the pleadings. The property involved in the suit is Lot No. 78 in the plan of the Town of New Geneva. We gather from the pleadings that plaintiff Emerson C. Provance is a brother of defend-ant, Howard M. Provance, both children of James Lewis Provance and Rachel E. Provance, and that there were also two other children in this family, Martha Provance Adams and Alvie L. Provance, James Lewis Provance died June 26, 1936, and by his will devised all his property to his wife Rachel for the term of her life and after her death to his four children above named. Rachel died January 28, 1948. At the time of his death James Lewis Provance owned Lot 77 in the Town of New Geneva and a parcel of one acre and 32¼ perches of land near said town. Title to Lot 78 had been in James Lewis and Rachel Pro-vance as tenants by entireties and was vested in Rachel, the survivor, at the time of her death in 1948. She died intestate and title to this Lot No. 78 descended to her four children.

Partition proceedings were instituted by Emerson C. Provance and Martha Provance Adams in the Orphans' Court of Fayette County at December term, 1949, no. 91. The petition mistakenly recited that James Lewis Provance held title to Lot No. 78, as well as to Lot No. 77, and to the parcel of one acre and 32¼ perches of land above mentioned, and that the only parties interested in the real estate were the two petitioners and Howard M. and Alvie Provance. All parties in interest were served with legal notice of the proceedings in partition and on May 12, 1950, Emerson C. Provance presented a sealed bid of $3,225.75 to the orphans' court for all real estate and the same was awarded to him. He subsequently, on

June 15, 1950, had his title placed in himself and his wife Ethel Provance, the other plaintiff, as tenants by entireties.

Howard M. Provance received and accepted his share of the proceeds of the sale or award. After distribution of the fund it was discovered that Lot No. 78 had not belonged to the estate of James Lewis Provance, but that it had belonged to the estate of Rachel Provance. At the time the partition proceeding was begun, however, title to all real estate, including Lot No. 78, was vested by descent or devise in the four children, all parties to the partition proceeding.

On October 30, 1951, Emerson C. Provance, who secured the real estate on his bid as aforesaid, presented a petition to the orphans' court asking for a citation on all the other parties to the partition proceeding to show cause why the proceeding should not be amended to include also the estate of Rachel Provance, and the matter was so proceeded in, none of the parties answering, that on November 20, 1951, said court decreed:

"It is hereby ordered, adjudged and decreed that the record of said proceeding be, and the same is hereby amended so as to show that the title to Lot No. 78 as described in the petition for partition vested in Rachel Provance on the death of James Lewis Provance, her husband, and that upon her death the same vested in her four children, all of whom are parties to said proceeding in partition; and the clerk is hereby ordered and directed to index this proceeding under the name of the estate of Rachel Provance, deceased."

Defendant, Howard Provance, contending that no title to Lot 78 passed in the partition proceeding, did, on June 20, 1950, secure a deed from his brother, Alvie L. Provance, and wife, for his alleged one-fourth

interest in this lot, and then claimed to own an undivided one-half interest therein. He had this alleged title transferred to himself and his wife, Rachel Provance, as tenants by entireties. Hence both are named as defendants in the ejectment suit.

In the absence of a brief of argument from defendants' counsel, we assume that the position of the defense is that the orphans' court did not have jurisdiction to do what was there done, because the partition of two separate estates was made in one action, contrary to such authorities as Snyder's Appeal, 36 Pa. 166. It was there held:

"The Orphans' Court has jurisdiction to make partition of real estate as the real estate of a decedent, not as the estate of the heirs; and its jurisdiction is limited by the Acts of Assembly to the partition of a single Estate." (Syllabus)

However, in section 1 of the later Orphans' Court Partition Act of June 7, 1917, P. L. 337, as amended by the Act of June 24, 1939, P. L. 707, 20 PS §1181, it is provided in part:

". . . ; and several undivided interests in any premises, derived from different ancestors by descent or devise, . . . may be parted or valued in one proceeding in said court."

This seems to have been the law since the Act of February 26, 1869, P. L. 4, 20 PS §1544, which was repealed by the Act of 1917, being reënacted therein. It is our conclusion that the orphans' court had jurisdiction to do what was done and that in so doing Howard M. Provance suffered no injustice. He was given the right to place a bid on the real estate, but his brother, Emerson C. Provance, plaintiff herein, appears to have been the highest bidder. Howard got his full share of the money, which included the value of Lot No. 78. No appeal from the action of the

orphans' court by Howard M. Provance appears. Under the facts it is our opinion that judgment should be entered for plaintiffs.

### Judgment

And now, July 26, 1952, after consideration, it is adjudged and decreed that under the pleadings judgment for plaintiffs and against defendants be and is hereby entered for the lot of land described in the complaint, to wit, Lot No. 78 in the plan of the Town of New Geneva, Fayette County, Pa.